Ren v. Sessions

BIA
Wright, IJ
A205 230 421

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of July, two thousand seventeen.

PRESENT:
 DENNIS JACOBS,
 DEBRA ANN LIVINGSTON,
 SUSAN L. CARNEY,
  *Circuit Judges.*
_____

ZHONGMIN REN,
  *Petitioner,*

 v.                                          16-18
                                             NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
  *Respondent.**
_____

FOR PETITIONER:          Joan Xie, New York, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal
                         Deputy Assistant Attorney

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jefferson B. Sessions, III, is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

General; Mary Jane Candaux, Assistant Director; Jeremy M. Bylund, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhongmin Ren, a native and citizen of China, seeks review of a December 15, 2015 decision of the BIA affirming an April 16, 2014 decision of an Immigration Judge ("IJ") denying Ren's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhongmin Ren,* No. A205 230 421 (B.I.A. Dec. 15, 2015), *aff'g* No. A205 230 421 (Immig. Ct. N.Y.C. Apr. 16, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA (i.e., minus the IJ's finding that Ren's testimony concerning when he received his wife's letter was not credible). *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The "substantial evidence" standard of review applies to the IJ's factual

2

findings, and we review questions of law *de novo*. *See* 8 U.S.C. § 1252(b)(4); *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For the following reasons, we conclude that the agency did not err in determining that Ren failed to establish a well-founded fear of persecution based on his membership in the China Democracy Party ("CDP") in New York and pro-democracy activity in the United States.

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, which is a "subjective fear that is objectively reasonable." *Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 284 (2d Cir. 2009) (internal quotation marks omitted); *see* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.13(b)(2). To show a well-founded fear of future persecution, an asylum applicant may (1) "demonstrat[e] that he or she would be singled out individually for persecution if returned," or (2) show that his or her country of nationality has a "pattern or practice . . . of persecution of a group of persons similarly situated to the applicant and establish[] his or her own inclusion in, and identification, with such group." *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (internal quotation marks omitted); *see* 8 C.F.R. § 1208.13(b)(2)(iii)).

The agency did not err in concluding that Ren failed to show a reasonable possibility that he would be singled out individually for persecution. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (noting that "[i]n the absence of solid support in the record" a fear of persecution is not objectively reasonable and is "speculative at best"). "Importantly, to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his [or her] country of nationality are either aware of his [or her] activities or likely to become aware of his [or her] activities." *Y.C.*, 741 F.3d at 332 (internal quotation marks omitted). Although Ren submitted a letter from his wife stating that she had been visited by police who were aware of Ren's pro-democracy activities in the United States, the agency reasonably declined to credit this letter because it was unsworn and submitted by an interested witness who was unavailable for cross-examination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight accorded to an applicant's evidence "lie[s] largely within the discretion of the IJ" (internal quotation marks omitted)); *Y.C.*, 741 F.3d at 334 (affirming agency's determination that

4

letter from applicant's relative in China was entitled to limited weight because it was unsworn and submitted by an interested witness). And while Ren testified that his wife had told him that she later saw three or four "suspicious people" near their home in China, the agency did not err in finding this testimony insufficient to demonstrate the Chinese government's awareness of Ren's pro-democracy activities absent further corroboration. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee."); *Chuilu Liu v. Holder*, 575 F.3d 193, 196-97 (2d Cir. 2009).

Apart from his wife's letter, the only evidence that Ren provided to demonstrate the Chinese authorities' allegedly likely awareness of his U.S. political activity was photographs of protest demonstrations he attended in New York and four articles criticizing the Chinese government that he had posted online. The agency considered this evidence and reasonably concluded that Ren's claim was speculative: to find that Ren

5

would face a likely threat of persecution in China, the agency would have had to assume that Chinese authorities had read Ren's articles, identified Ren as the author, and had received reports of his protest activity in the United States. *See Y.C.*, 741 F.3d at 344 (agreeing that petitioner had not shown a well-founded fear of future persecution based on participation in anti-Communist candlelight vigils in the U.S. and publication of a pro-democracy article online because there was no evidence that the Chinese government was aware of such activity). There was no support for any such inference.

The agency also did not err in concluding that Ren failed to establish a pattern or practice of persecution of ordinary members of the CDP in China. To establish a pattern or practice of persecution against a particular group, an applicant must demonstrate that the harm to that group is "systemic or pervasive." *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005); *cf. Mufied v. Mukasey*, 508 F.3d 88, 92-93 (2d Cir. 2007) (accepting the BIA's standard as "a reasonable one," while noting that "[w]ithout further elaboration [the standard does not make clear] how systemic, pervasive, or organized persecution must be before the Board would recognize it as a pattern or practice"). Here, the agency correctly observed

that Ren presented evidence of only one CDP member, a leader of the party, who was arrested in China, and Ren testified that he himself did not have a leadership role and was only an ordinary member. The agency therefore did not err in concluding that Ren failed to show evidence of a pattern or practice of persecution of similarly-situated individuals. *See Y.C.*, 741 F.3d at 334-35 (affirming agency's denial of pattern or practice claim by low-level member of Chinese pro-democracy party where only evidence was of persecution of party founder).

Accordingly, because the agency reasonably found that Ren failed to demonstrate a well-founded fear of persecution, it did not err in denying asylum or in concluding that he necessarily failed to meet the higher burden required for withholding of removal or CAT relief. *Id*. at 335.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk